IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN CHAPEL,<br><br>      Plaintiff,<br><br>vs.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY<br><br>      Defendant. | )<br>)<br>)<br>)<br>) Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**
**EMPLOYEE RETIREMENT INCOME SECURITY ACT**

COMES NOW Plaintiff Kevin Chapel, by and through undersigned counsel, pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 *et. seq.*, and for his cause of action against defendant UnitedHealthcare Insurance Company (hereinafter "UHC"), respectfully states the following:

1. Plaintiff Kevin Chapel (hereinafter "Plaintiff" or "Mr. Chapel") brings this action against Defendant UHC for damages caused by the Defendant's breach of statutory, contractual and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2. This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, and Defendants resides or is found in this district.

## Parties

4. Mr. Chapel is an individual residing in the Southern District of Illinois. He is a vested participant in a Group Insurance Policy for certain employees of Atlantis Pools, Inc., which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a).

5. Mr. Chapel has standing to bring this action as a beneficiary under 29 U.S.C. §1132(a).

6. UHC provides health care coverage for certain employees of Atlantis Pools, Inc. under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. § 1002.

7. UHC is an insurance company incorporated in ----- and is doing business in Illinois under a license to do business as a Foreign Insurance Company.

8. UHC administers and pays benefits under the terms of the health benefits plan and is a fiduciary within the meaning of 29 U.S.C. §1002(16).

9. Atlantis Pools, Inc. is a business located in Illinois and serves as the plan administrator and sponsor under the meaning of 29 U.S.C. § 1002(16).

## Standard of Review

10. The State of Illinois has banned discretionary clauses in policies of insurance for healthcare and disability benefits. *See Ill. Admin. Code Tit. 50, § 2001.3*

11. The appropriate standard of review for this matter is *de novo. See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989).

## Facts

12. Mr. Chapel has a documented diagnosis of radiculopathy of the lumbar region.

13. At all relevant times, Mr. Chapel has been under the care of licensed medical doctors.

14. On the advice and recommendation of his physicians, Mr. Chapel planned to have surgery on his back to perform a laminectomy and fusion to alleviate his constant, debilitating pain symptoms.

15. On July 6, 2021, UHC denied coverage of Mr. Chapel's surgery on the basis that the services were not eligible expenses under the Plan.

16. UHC denied the following procedures:

| Procedure Code | Procedure Description |
|---|---|
| Hospitalization | |
| 63047 | Laminectomy, facetectomy and foraminotomy (unilateral or bilateral with decompression of spinal cord, cauda equina and/or nerve root[ s ], I eg, spinal or lateral recess stenosis ]), single vertebral segment; lumbar |
| 63048 | Laminectomy, facetectomy and foraminotomy (unilateral or bilateral with decompression of spinal cord, cauda equina and/or nerve root[s], [eg, spinal or lateral recess stenosis )), single vertebral segment; each additional segment, cervical, thoracic, or lumbar (List separately in addition to code for primary procedure) |
| 22633 | Arthrodesis, combined posterior or posterolateral technique with posterior interbody technique including laminectomy and/or discectomy sufficient to prepare interspace (other than for decompression), single interspace and segment; lumbar |
| 22634 | Arthrodesis, combined posterior or posterolateral technique with posterior interbody technique including laminectomy and/or discectomy sufficient lo prepare interspace (other than for decompression), single interspace and segment; each additional interspace and segment (List separately in addition to code for primary procedure) |
| 22842 | Posterior segmental instrumentation (cg, pedicle fixation, dual rods with multiple hooks and sublaminar wires); 3 to 6 vertebral segments (List separately in addition to code for primary procedure) |
| 22853 | Insertion of interbody biomechanical device( s ) ( eg, synthetic cage, mesh) with integral anterior instrumentation for device anchoring ( cg, screws, flanges), when performed, to intervertebral disc space in conjunction with interbody arthrodesis, each interspace (List separately in addition to code for primary procedure) |
| 22853 | Insertion of interbody biomechanical device(s) (eg, synthetic cage, mesh) with integral anterior instrumentation for device anchoring ( eg, screws, flanges), when performed, to intervertebral disc space in conjunction with interbody arthrodesis, each interspace (List separately in addition to code for primary procedure) |

| | |
|---|---|
| 20936 | Autograft for spine surgery, only (includes harvesting the graft); local (cg, ribs, spinous process, or laminar fragments) obtained from same incision (List separately in addition to code for primary procedure) |
| L8699 | Prosthetic implant, not otherwise specified |
| L8699 | Prosthetic implant, not otherwise specified |

17. In its denial of benefits, UHC stated that Mr. Chapel's surgery was not medically necessary because he did not have instability, pressure on nerves or other conditions that might require a laminectomy or fusion.

18. UHC did not provide any information in its denial of benefits regarding how, or by whom, the determination that Mr. Chapel's surgery was not medical necessary was made.

19. In response to Mr. Chapel's request for the claim file relating to his claim, UHC did not provide any documentation of Mr. Chapel's medical records, consultations with Mr. Chapel's treating physicians, or any medical opinion contradicting the determination by Mr. Chapel's treating physicians that the procedures were medically necessary.

20. On December 7, 2021, Mr. Chapel sent his first letter of appeal to UHC's Appeals Unit.

21. On December 29, 2021, UHC upheld its adverse determination regarding Mr. Chapel's benefits.

22. In upholding its decision to deny Mr. Chapel's benefits, UHC stated that Mr. Chapel's request for payment was "processed correctly." UHC did not provide any evidence refuting the medical necessity of Mr. Chapel's procedures.

23. In upholding its decision to deny Mr. Chapel's benefits, UHC misapplied Plan provisions, failed to adequately explain the application of Plan provisions to Mr. Chapel's procedures, and cited a provision that is not found in Mr. Chapel's Plan.

24. On April 28, 2022, Mr. Chapel sent his second letter of appeal to UHC's Appeals Unit.

25. As of the date of this filing UHC has not issued a written decision regarding Mr. Chapel's appeal and his appeal is deemed denied on review without the exercise of discretion by an appropriate fiduciary.

26. On July 28, 2022, counsel for Mr. Chapel sent UHC a letter, pursuant to 29 CFR §2560.503-1(1)(2)(ii), requesting a written explanation of UHC's violation of the time periods provided for appeal review to be tendered within 10 days.

27. UHC did not respond to the July 28, 2022 letter with the explanations required by 29 CFR §2560.503-1(1), and therefore plaintiff has chosen to pursue remedies available to him under 29 USC§ 1132(a).

28. UHC has failed to follow claims procedures consistent with the requirements of the Department of Labor regulations governing ERISA, therefore plaintiff is deemed to have exhausted the administrative remedies available under the Plan and is entitled to pursue any available remedies on the basis that UHC has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

## COUNT I
## DENIAL OF BENEFITS PURSUANT TO 29 U.S.C. §1132(A)(1)(B)

29. Mr. Chapel is entitled to medical benefits under the terms of the Plan.

30. As a result of UHC's wrongful denial of benefits, Mr. Chapel has been damaged in the amount of unpaid benefits.

31. Mr. Chapel has appealed the adverse benefit determination and exhausted all available administrative remedies.

32. UHC's denial of Mr. Chapel's benefits was arbitrary and capricious, and not based on substantial evidence.

33. UHC is required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees, and costs.

**WHEREFORE,** Plaintiff Kevin Chapel respectfully prays for judgment against Defendant UnitedHealthcare Insurance Company in the amount of unpaid benefits, for attorney's fees and costs, and for any other such relief as the court deems just and proper.

## COUNT II
## BREACH OF FIDUCIARY DUTY PURSUANT TO 29 U.S.C. § 1132(a)(3)

34. Mr. Chapel brings this claim against UHC under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), which permits a participant to bring an action to enjoin any act or practice which violates ERISA or the terms of the plan or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of ERISA or the terms of the Plan.

35. In denying benefits under the Plan, UHC, acting as a fiduciary in the administration of Mr. Chapel's claim, failed to adequately consider the facts and circumstances regarding his claim, failed to adequately investigate the facts supporting his claim, and failed to conduct a review of Mr. Chapel's medical condition.

36. ERISA § 503, 29 U.S.C. § 1133 requires that every employee benefit plan must:

   a. provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant; and

    b. afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

37. UHC arbitrarily denied Mr. Chapel's health care benefits without objective evidence supporting its decision.

38. UHC interpreted the provisions of the Plan in an arbitrary and inconsistent way and did not provide Mr. Chapel with a reasonably clear explanation of what evidence it required him to provide, and what standards and guidelines it was utilizing to determine that Mr. Chapel's surgery was not medically necessary.

39. Defendant UHC breached the duty of loyalty by failing to adequately communicate with Mr. Chapel:

    a. How UHC made its determination that Mr. Chapel's procedures were not medically necessary.

    b. What evidence UHC relied upon that contradicted Mr. Chapel's treating physicians' opinion that the denied procedures were medically necessary when making its determination to deny Mr. Chapel's benefits.

    c. Whether UHC reviewed Mr. Chapel's medical records or consulted with Mr. Chapel's treating physicians in making its determination to deny Mr. Chapel's benefits.

    d. Why UHC did not address its rationale that Mr. Chapel's procedures were not medically necessary following Mr. Chapel's first appeal and instead addressed whether UHC had processed Mr. Chapel's request for payment "correctly."

e. Why UHC used the language in the Plan describing Durable Medical Equipment to deny coverage of each procedure involved in Mr. Chapel's back surgery.

f. Why Mr. Chapel's back surgery did not meet the definition of a "Covered Health Service" under the Plan and how this provision was used to deny coverage of every denied procedure involved in Mr. Chapel's surgery.

g. Why UHC used a provision that concerned improper diagnosis codes or incorrect submission of information by a service provider to deny Mr. Chapel's benefits despite Mr. Chapel never arguing that the diagnosis codes or information submitted by his provider were inaccurate.

40. Defendant UHC breached the duty of Prudence by:

a. Failing to review and consider Mr. Chapel's medical records when making its adverse determination regarding Mr. Chapel's benefits.

b. Failing to consult with Mr. Chapel's treating physicians regarding the medical necessity of Mr. Chapel's benefits.

c. Failing to base the denial of Mr. Chapel's benefits on objective medical evidence.

d. Improperly and arbitrarily changing the rationale for denying Mr. Chapel's benefits from an issue of medical necessity to an issue of whether Mr. Chapel's request for payment was processed correctly.

e. Misstating and misinterpreting the Plan language concerning Durable Medical Equipment to include devices fully implanted into the body, despite these devices being explicitly excluded from UHC's definition of Durable Medical Equipment.

   f. Using a provision concerning improper diagnosis codes or incorrect submission of information by a service provider to deny Mr. Chapel's first appeal when that provision does not appear anywhere in the Plan.

41. The above breaches are the byproduct of a review process that is not compliant with 29 CFR § 2560.503-1, which results in an exacerbation of the inherent conflict of interest of UHC being both the decider and payer of benefits and permits UHC to routinely breach the fiduciary duties it owes to beneficiaries such as Mr. Chapel.

42. As a result of UHC's breaches of the dual duties of Loyalty and Prudence owed to Mr. Chapel under ERISA, Mr. Chapel suffered actual harm, as he was denied benefits to which he was entitled under the Plan, he incurred attorneys' fees and costs, and he suffered other financial losses.

43. UHC breached its fiduciary duties under ERISA § 404, 29 U.S.C. § 1104, insofar as it failed to discharge its duties handling Mr. Chapel's benefits claim in a careful, skillful, and diligent manner.

**WHEREFORE**, Plaintiff Kevin Chapel respectfully prays that this Court:

1) Grant judgment in his favor and against Defendant on all claims;
2) Order that Defendant pays all benefits due under the Plan from to the date of judgment, including interest thereon;
3) Declare Plaintiff's rights under the terms of the Plan, and clarify his rights to future benefits under the terms of the Plan;
4) Enjoin Defendant to provide a procedure for a full and fair review of adverse determinations under the Plan in accordance with 29 U.S.C. § 1133;
5) Enjoin Defendant to discharge its fiduciary duties in accordance with 29 U.S.C. § 1104;

6) Order restitution or surcharge to disgorge Defendant's unjust enrichment in wrongfully delaying and denying benefits and/or to make Plaintiff whole for losses, and payment of his attorneys' fees caused by Defendant's violation of 29 U.S.C. § 1133 and breach of fiduciary duty;

7) Order that Defendant pay the costs of suit, including Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

8) Award all such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**GALLAGHER DAVIS, L.L.P.**

/s/ *Adam J. Olszeski*
Adam J. Olszeski, MO66126
2333 S. Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax: (314) 725-0101
adam@gallagherdavis.com
*Attorneys for Plaintiff*